LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs, and Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE RENTECH, INC SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. 2:09-cv-09495-GHK (PJWx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: April 5, 2010<br>Time: 9:30 a.m.<br>Courtroom: 650<br>Honorable George H. King |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Proposed lead plaintiff Eugene Boccardo ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for appointment as lead plaintiff and approval of lead counsel.

**I.   FACTUAL BACKGROUND**

This is a securities class action on behalf of purchasers of the securities of Rentech, Inc. ("Rentech" or the "Company") between May 9, 2008 and December 14, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Rentech provides clean energy solutions to produce ultra-clean synthetic

1 fuels and chemicals. The Company owns and licenses a proprietary technology which converts carbon-bearing gases derived from various biomass, waste and fossil resources into hydrocarbons, which can be processed and upgraded into ultra-clean synthetic fuels, such as military and commercial jet fuels, and ultra low sulfur diesel fuel, as well as specialty waxes, feedstocks and chemicals.

The complaints on file allege that, throughout the Class Period, defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, prospects and financial performance. Specifically, defendants misrepresented and/or failed to disclose that: (1) during the Class Period the Company improperly classified cash deposits required by forward gas purchase contracts as inventory; (2) as a result, the Company's financial results were overstated during the Class Period; (3) the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) the Company lacked adequate internal and financial controls; and (5), as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On December 14, 2009, Rentech shocked investors when it announced that it would restate its previously reported annual and quarterly results for fiscal year 2008 and for the first three quarters of fiscal year 2009, to correct "a prior incorrect classification of cash deposits required by forward gas purchase contracts as inventory, and reclassifies them as deposits on gas purchase contracts within current assets on the balance sheet."

On this news, Rentech stock fell approximately 11% on unusually heavy trading volume from its December 14, 2009, closing price of $1.64 per share, to close on December 16, 2009 at $1.47 per share. Since the Company's December 14, 2009 disclosure, the price of Rentech stock has declined $0.41 per share, or 25%, as of December 29, 2009.

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE
BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

## II. PROCEDURAL HISTORY

Plaintiff Moti Ben-Ami commenced Case No. 2:09-cv-09555-GHK (PJWx) – the second of three related actions filed in this District[1] – on December 30, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire*. *See* Declaration of Michael Goldberg In Support of Motion of Eugene Boccardo For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

By Order of this Court dated February 19, 2010, the related actions were consolidated, as reflected above in the caption of this document.

Movant brings the instant motion pursuant to his complaint and published notice of pendency, and files this motion prior to expiration of the 60-day period from publication of his December 30, 2009 notice.

## III. ARGUMENT

### A. Eugene Boccardo Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

---

[1] The related actions on file in this District are *Silbergleid v. Rentech, Inc., et al.*, Case No. 2:09-cv-09495-GHK-PJW (filed December 29, 2009); *Ben-Ami v. Rentech, Inc., et al.*, Case No. 2:09-cv-09555-GHK-PJW (filed December 30, 2009); and *Kelly v. Rentech, Inc., et al.*, Case No. 2:10-cv-00069-GHK-PJW (filed January 6, 2010).

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE
BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Eugene Boccardo satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff for the Class.

### 1. Movant Is Making A Motion In Response To A Published Notice

On December 30, 2009, plaintiff Moti Ben-Ami filed a complaint alleging violations of federal securities laws against Rentech, Inc. and certain of the Company's current and former executive officers. Also on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for plaintiff published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Rentech securities that they had 60 days from the publication of the Notice to file a motion to be appointed as lead plaintiff.

Movant Eugene Boccardo files the instant motion pursuant to the *Ben-Ami*

---

[2] *See Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1067 (C.D.Cal. 1999).

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

complaint and published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Eugene Boccardo Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased 38,330 shares of Rentech stock during the Class Period, and as a result has suffered losses of $43,107.72. *See* Goldberg Declaration, Exhibit C. To the best of his knowledge, Movant believes he has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3. Eugene Boccardo Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE
BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

3

typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731.  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex. 1997).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999).  Here, Movant's claims are typical of the claims asserted by Class.  Movant, like all members of the Class, alleges that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning Rentech's business, financial performance and prospects.  Movant, like all members of the Class, purchased Rentech securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, the interests of Movant are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class. *Id*.

### b. Movant Is An Adequate Representative

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

4

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*.

Movant Eugene Boccardo has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained significant financial losses from his investments in Rentech securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [movant is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi*, 70 F.Supp.2d at 1071.

### 4. Eugene Boccardo Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

---

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

5

        (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

      The presumption that the Eugene Boccardo is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $43,000 – and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Eugene Boccardo is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

      The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained the law firm Glancy Binkow & Goldberg LLP to pursue this litigation on Movant's behalf, and will retain this firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE
BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

6

of injured investors, as reflected by the firm's résumé attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Eugene Boccardo's motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Eugene Boccardo as lead plaintiff, and (b) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: March 1, 2010

GLANCY BINKOW & GOLDBERG LLP

   /s/ ***Michael Goldberg***
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Movant and Proposed Lead Counsel*

No. 2:09-cv-09495-GHK (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 08-02

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On March 1, 2010, I caused to be served the following document:

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| 2 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| 3 | **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| 4 | **[PROPOSED] ORDER GRANTING MOTION OF EUGENE BOCCARDO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

By posting this document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the following parties:

**SEE ATTACHED SERVICE LIST**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2010, at Los Angeles, California.

/s/ *Michael Goldberg*
Michael Goldberg

*In re Rentech, Inc. Securities Litigation*, **No. 09-cv-09495-GHK (PJWx)**

**SERVICE LIST**

**Electronically To All ECF-Registered Entities**

Donald J. Enright
Elizabeth K. Tripodi
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th St NW
Washington, DC 20007
Tel: 202-337-8000

Mark L. Punzalan
Rosemary M. Rivas
Finkelstein Thompson LLP
100 Bush Street
Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700

Timothy J Burke
Stull Stull & Brody
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: 310-209-2468

Melanie Marilyn Blunschi
Latham and Watkins
355 South Grand Avenue
Los Angeles, CA 90071
Tel: 213-485-1234

Darren J. Robbins
Catherine J. Kowalewski
David C. Walton
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: 619-231-1058

Hamilton Lindley
Joe Kendall
Karl Rupp
Kendall Law Group LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204
Tel: 214-744-3000

William James Doyle, II
James Robert Hail
Doyle Lowther LLP
9466 Black Mountain Road
Suite 210
San Diego, CA 92126
Tel: 619-573-1700

**By US Mail To All Known Non-ECF-Registered Entities**

None known.