*E-FILED*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9495-GHK (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | *In re Rentech, Inc. Securities Litigation* | | |

| Presiding: The Honorable | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Eugene Boccardo's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel

Movant Eugene Boccardo ("Boccardo") seeks appointment as the lead plaintiff of three consolidated putative securities class actions brought on behalf of shareholders of Rentech, Inc. ("Rentech"): *Silbergleid v. Rentech, Inc., et al.,* No. 09-cv-9495-GHK-PJW (filed Dec. 29, 2009); *Ben-Ami v. Rentech, Inc., et al.,* No. 09-cv-9555-GHK-PJW (filed Dec. 30, 2009); and *Kelly v. Rentech, Inc., et al.,* No. 10-cv-69-GHK-PJW (filed Jan. 6, 2010). (*See* Dkt. No. 12 [order of consolidation]). The plaintiffs in each constituent suit assert violations of the Securities Exchange Act of 1934 for alleged material misrepresentations and omissions made by Rentech and Rentech's officers and directors. Boccardo, who filed this Motion in response to the notice published pursuant to the *Ben-Ami* Complaint, asserts that he is presumptively the most adequate lead plaintiff given his belief that he has the largest financial interest in the outcome of the suit, and otherwise satisfies the requirements of adequacy and typicality under Federal Rule of Civil Procedure 23. No other putative class member, including each of the named plaintiffs, has applied for lead plaintiff or submitted an opposition to Boccardo's request. Boccardo further requests approval of Glancy Binkow & Goldberg LLP as lead counsel for the plaintiff class. We have considered the papers filed in support of Boccardo's Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

### I.     Appointment as Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a), "provides a simple three-step process for identifying the lead plaintiff" in a securities fraud case. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* The notice must advise that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Next, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff—and hence the presumptive lead plaintiff—the one who has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 729-30 (internal citations omitted). The PSLRA thus creates

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9495-GHK (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | *In re Rentech, Inc. Securities Litigation* | | |

"a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff." *Id*. at 729 n.2. Finally, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id*. at 730.

### A.      *Boccardo Has the Largest Financial Interest in the Relief Sought*

Boccardo asserts that, as a purchaser of 38,330 shares of Rentech stock during the operative class period, he has suffered projected losses of $43,107.72 and holds the largest financial interest in this case. (*See* Goldberg Decl., Ex. B [sworn shareholder certification], Ex. C [calculation of losses]). Boccardo has yet to sell any of his Rentech stock, and bases this loss figure on the daily share price average after the close of the class period. Since no other plaintiff has entered a competing application for lead plaintiff, our comparison of the financial investment of other potential lead plaintiffs is limited to the allegations of the named plaintiffs' complaints. The plaintiffs who filed the complaints in this consolidated action—Michael Silbergleid, Moti Ben-Ami, and Kevin Kelly—have purchased 100 shares, 20,000 shares, and 2,500 shares of Rentech stock, respectively. None of these individuals purports to have suffered concrete damages from selling a portion of their Rentech stock. Based on a comparison of share ownership, Boccardo thus has the greatest financial interest in this litigation.

### B.      *Boccardo Satisfies the Adequacy and Typicality Requirements of Rule 23(a)*

Turning to issues of adequacy and typicality, we must rely solely on the allegations of Boccardo's motion and declaration; "there is no adversary process to test the substance of those claims." *In re Cavanaugh,* 306 F.3d at 730. Boccardo asserts that his claims against Rentech, arising from the purchase of stock at allegedly artificially inflated prices, are typical of the class. He further argues that his large financial interest ensures his motivation to prosecute this action and adequately represent the interests of the class. No other plaintiff has challenged Boccardo's *prima facie* showing of adequacy and typicality. Based on the information Boccardo has provided in his Motion and declaration, he satisfies the Rule 23(a) criteria, is willing to serve as lead plaintiff, and is therefore presumptively the most adequate plaintiff.

## II.      Approval of Lead Counsel

Once a lead plaintiff has been designated by the court, the PSLRA directs that the plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cavanaugh,* 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class."). Thus, to the extent that we may inquire into the counsel's qualifications to handle complex litigation, "such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *In re Cavanaugh,* 306 F.3d at 733. Boccardo has selected Glancy Binkow & Goldberg LLP to represent the class as lead counsel. Having reviewed the firm's resume (*see* Goldberg Decl., Ex. D), the Court is satisfied as to the firm's experience with class action securities litigation and finds the firm qualified to serve as lead counsel in this case.

## III.      Conclusion

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9495-GHK (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | *In re Rentech, Inc. Securities Litigation* | | |

In light of the foregoing discussion, Boccardo's Motion is hereby **GRANTED**. Boccardo is **APPOINTED** as lead plaintiff, and Glancy Binkow & Goldberg LLP is **APPROVED** as lead counsel. Boccardo **SHALL** file a consolidated Complaint **within forty-five (45) days** hereof. Defendants **SHALL** respond to the consolidated Complaint **within forty-five (45) days** of its filing. (*See* Dkt. No. 12).

**IT IS SO ORDERED.**

--- : ---

Initials of Deputy Clerk    ljw for Bea