GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (#134180)
PETER A. BINKOW (#173848)
MICHAEL GOLDBERG (#188669)
ROBERT V. PRONGAY (#270796)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Lead Plaintiff and the Class*

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RENTECH, INC. SECURITIES LITIGATION | Lead No. 2:09-cv-09495-GHK (PJWx)<br><br>Hon. George H. King<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated May 26, 2011, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of March 17, 2011 and the Amendment to Stipulation of Settlement dated as of May 16, 2011 (together, the "Stipulation of Settlement"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings set forth in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the September 6, 2011 deadline pursuant to the Court's Order dated May 26, 2011.

3. The Court certifies this Litigation as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, Eugene Baccardo, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

1  finally certifies this Litigation as a class action on behalf of all persons or entities who purchased or acquired shares of Rentech stock between May 9, 2008, and December 14, 2009, inclusive, and held any shares until after December 14, 2009. Excluded from the Class are Defendants herein, the officers and directors of Rentech, Inc., members of their immediate families, and the heirs, successors or assigns of any of the foregoing. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4.  The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation of Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in

accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation of Settlement.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the September 6, 2011 deadline, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against each and all of the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members (other than those Persons or entities listed on Schedule 1 who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

10. Neither the Stipulation of Settlement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance

of the Stipulation of Settlement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation of Settlement and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

   11.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

   12.   The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

   13.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in

-4-
[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Case 2:09-cv-09495-GHK-PJW   Document 47-1   Filed 09/16/11   Page 6 of 7   Page ID #:1703

1  connection herewith shall be null and void to the extent provided by and in
2  accordance with the Stipulation of Settlement.

3      14.   The Court hereby **GRANTS** Lead Counsel attorneys' fees of
4  __25__ % of the Settlement Fund ~~and~~ (totalling $450,000), plus expenses in an amount of
5  $__20,598.16__ together with the interest earned thereon for the same time period
6  and at the same rate as that earned on the Settlement Fund until paid. Said fees
7  shall be allocated among Plaintiff's Counsel in a manner which, in their good-
8  faith judgment, reflects each counsel's contribution to the institution, prosecution
9  and resolution of the Litigation. The Court finds that the amount of fees awarded
10 is fair and reasonable in light of the time and labor required, the novelty and
11 difficulty of the case, the skill required to prosecute the case, the experience and
12 ability of the attorneys, awards in similar cases, the contingent nature of the
13 representation and the result obtained for the Class.

14     The awarded attorneys' fees and expenses, and interest earned thereon,
15 shall be paid to Lead Counsel from the Settlement Fund immediately after the date
16 this Order is executed subject to the terms, conditions, and obligations of the
17 Stipulation of Settlement and in particular ¶ 6.2 thereof, which terms, conditions,
18 and obligations are incorporated herein.

20 DATED: __9/27/11__

                        The Honorable George H. King
                        United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in

*In re Rentech, Inc. Securities Litigation,*
Lead No. 2:09-cv-09495-GHK (PJWx)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the September 6, 2011 deadline pursuant to the Court's Order dated May 26, 2011:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| Elke Bergman | |
| Mike Harvanko | |
| Jeanine Harvanko | |
| Jesse Benjamin Nicholson | |
| Bert Rhynearson | |
| Kenneth Kozicki | |
| | |
| | |
| | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE